IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TRISHA D.,[1] | Case No. 3:21-cv-00218-YY |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

YOU, Magistrate Judge.

Plaintiff Trisha D. seeks judicial review of the final decision by the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401-33. For the reasons set forth below, that decision is AFFIRMED.

Plaintiff protectively filed for SSI on May 22, 2017, alleging disability beginning on that same date. Plaintiff's application was initially denied on July 31, 2017, and upon reconsideration on October 19, 2017. Plaintiff requested a hearing before an Administrative Law

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of plaintiff's last name.

PAGE 1 – OPINION AND ORDER

Judge ("ALJ"), which took place on February 19, 2019. At that hearing, plaintiff and a vocational expert testified. The ALJ issued a decision on March 20, 2019, finding plaintiff not disabled within the meaning of the Act. Tr. 138-49.

On April 6, 2020, the Appeals Council remanded the claim for a rehearing. Tr. 153-56. The ALJ reheard the claim via telephone on June 11, 2020. Tr. 18, 133, 243. On August 20, 2020, the ALJ again issued a decision finding that plaintiff was not disabled within the meaning of the Act. Tr. 13-29. The Appeals Council denied a second request for review on January 12, 2021. Tr. 1-6. Therefore, the ALJ's 2020 decision is the Commissioner's final decision and is subject to review by this court. 20 C.F.R. § 416.1481.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

**SEQUENTIAL ANALYSIS AND ALJ FINDINGS**

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)). The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). The Commissioner bears the burden of proof at step five. *Id.* at 953-54.

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since May 22, 2017, the alleged onset date. Tr. 19. At step two, the ALJ determined that plaintiff suffered from the following severe impairments: obesity, mild lumbar degenerative disc disease, and aseptic/avascular necrosis of the left hip (20 CFR 416.920(c)). *Id.*

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 20.

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined that plaintiff could perform sedentary work as defined in 20 CFR 416.967(a), except that she was limited to

> no more than occasional balancing, stooping, crouching, crawling, kneeling, or climbing of ramps and stairs. The claimant can never climb ropes, ladders, or scaffolds, and she would need to avoid concentrated exposure to dust, fumes, gases, poor ventilation, and other noxious odors, as well as unprotected heights, moving machinery and similar hazards. It is also assumed that the claimant would need the assistance of a cane to assist with ambulation at all times.

PAGE 3 – OPINION AND ORDER

Tr. 20-21.

At step four, the ALJ found that plaintiff does not have any past relevant work. Tr. 24. At step five, the ALJ found that—considering plaintiff's age, education, work experience, and residual functional capacity—there were jobs that existed in significant numbers in the national economy that plaintiff could perform, including document preparer, election clerk, and call-out operator. Tr. 25. Thus, the ALJ concluded that plaintiff was not disabled. Tr. 25.

## DISCUSSION

Plaintiff argues that the ALJ erred in (1) rejecting plaintiff's subjective symptom testimony; (2) computing plaintiff's residual functional capacity; (3) determining whether plaintiff has a medically determinable mental impairment at step two; and (4) determining whether a significant amount of jobs exist in the national economy at step five. Plaintiff requests that this case be remanded for an immediate payment of benefits.

**I.    Subjective Symptom Testimony**

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The proffered reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted).

If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id.*

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, *available at* 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

SSR 16-3p explains that "[w]hen a Federal court reviews our final decision in a claim, we expect the court will review the final decision using the rules that were in effect at the time we issued the decision under review." The decision under review is dated August 20, 2020. Therefore, SSR 16-3p applies.

The ALJ first recognized plaintiff's testimony regarding her pain and limitations:

> The claimant alleged that she has been unable to work since December 15, 2015 due to hip pain. As discussed more below, the claimant also has issues with back pain, and her physical impairments are complicated by obesity. She reported being

>limited in lifting, squatting, bending, standing, walking, sitting, kneeling, stair climbing, and completing tasks. At the 2019 hearing, she claimed that she needed to elevate her legs and shift her weight while sitting. She claimed she could walk only two blocks at a time before needing to rest, and could stand for only 30-40 minutes. She reported she could "maybe" lift 10 pounds. She claimed she has difficulty going up more than 5-6 stairs. She claimed to need a cane for walking. She claimed to have difficulty with doing housework and other activities of daily living. At the 2020 hearing, she reported she could lift only 10-15 pounds, stand only 10-15 minutes, and walk only 10-15 minutes with a cane.

Tr. 21 (internal citations omitted).

The ALJ then found that plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." Tr. 21. However, the ALJ concluded that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *Id.*

Plaintiff now argues that the ALJ failed to identify specific, clear, and convincing reasons supported by substantial evidence to reject her subjective symptom testimony, so that the testimony should be fully credited as true. Specifically, plaintiff contends that the ALJ should not have considered evidence that predated her alleged disability, including evidence of her treatment records and poor work history, and that the ALJ did not adequately explain how plaintiff's activities of daily living were inconsistent with her symptom testimony.

The ALJ provided at least three specific, clear, and convincing reasons for rejecting plaintiff's testimony. First, the ALJ reasonably discounted plaintiff's allegations based on her sporadic work history. An ALJ may discount a plaintiff's subjective symptom testimony regarding her inability to work when evidence demonstrates that the plaintiff has "extremely poor work history" and "has shown little propensity to work in her lifetime." *Thomas*, 278 F.3d at 959 (internal quotations omitted).

PAGE 6 – OPINION AND ORDER

Here, although plaintiff alleged an onset date in 2017, her application indicated she stopped working due to her impairments in 2015. Tr. 313. Before 2015, plaintiff engaged in sporadic employment from 1985 through 2015. *See* Tr. 297. Over the course of more than thirty years, plaintiff has earned less than $10,000 total. *Id.* Plaintiff's work history was "spotty at best, with years of unemployment between jobs, even before she claimed disability" in 2015. *Thomas*, 278 F.3d at 959. Further, although plaintiff testified that her impairments caused her to stop working in 2015, Tr. 313, treatment records do not indicate that she sought medical attention during that time for worsening conditions. *See generally* Tr. 405-671. The ALJ appropriately considered evidence of plaintiff's spotty work history and failure to seek medical attention for her condition in 2015, which "strongly suggest[ed] that her unemployment during the period at issue in this decision was not entirely related to her medical conditions." Tr. 22.

Second, the ALJ appropriately discounted plaintiff's statements on the ground that her testimony concerning the severity of her limitations was not supported by the record. When considering a claimant's statements about the intensity, persistence, and limiting effects of symptoms, the ALJ may consider whether the claimant's statements are consistent with the objective medical evidence in the record. 20 C.F.R. § 416.929(c)(2); SSR 16-3p at *6. Although subjective symptom testimony may not be wholly rejected based on a lack of corroborating objective medical evidence, medical evidence is still a relevant factor in determining the severity of a claimant's symptoms. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ explained that despite plaintiff's reports that she had difficulty walking, Tr. 329, examinations revealed that plaintiff had normal strength in the lower extremities. Tr. 22 (citing 411, 422, 424, 489, 506, 509, 525, 533). The ALJ further observed that plaintiff reported relief with treatment and that her symptoms improved with weight loss. Tr. 22 (citing 491, 525, 546).

PAGE 7 – OPINION AND ORDER

The ALJ also noted that, although plaintiff reported that she needed to elevate her legs and shift positions consistently, the record does not contain advice from healthcare provider instructing plaintiff to elevate her legs, and plaintiff rarely told healthcare providers that she elevated her legs to relieve symptoms. Tr. 22-23 (citing 420-425, 484-491, 505-70, 582-87). These inconsistencies provide support for the ALJ's rejection of plaintiff's testimony regarding the severity of her symptoms.

Third, the ALJ appropriately rejected plaintiff's testimony based on her daily activities. When assessing credibility, the ALJ "may consider, among other factors, . . . the claimant's daily activities." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (internal quotation and citation omitted). As the ALJ noted, plaintiff wrote in her written function report that she engaged in "preparing simple meals, doing light chores, going out with her dog several times a day for 10-15 minutes, using public transit, shopping in stores weekly for 20-30 minutes, and going to church and a grocery store regularly." Tr. 23 (citing 330-34). Although plaintiff testified that her conditions prevented her from working, the ALJ found that plaintiff's "activities of daily [living] suggest, at least somewhat, that the claimant is capable of working at the sedentary exertional level." Tr. 22. Thus, the ALJ did not err in reasoning that plaintiff's testimony concerning the severity of her symptoms was inconsistent with her activities of daily living.

In sum, the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting plaintiff's subjective symptom testimony. Although plaintiff may disagree with the ALJ's interpretation of the record, the ALJ's interpretation is supported by substantial evidence, which precludes the court from engaging in second-guessing. *See Thomas*,

278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

## II.     Residual Functional Capacity

The RFC is the most that a claimant can do despite the claimant's physical or mental impairments.  *See* 20 C.F.R. § 404.1545.  "The ALJ assesses a claimant's RFC based on all the relevant evidence in [the] case record." *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) (quotations and citation omitted).  In formulating an RFC, the ALJ must consider all medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence," including the claimant's testimony.  20 C.F.R. § 404.1545; see also Social Security Ruling ("SSR") 96-8p, available at 1996 WL 374184.

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because the ALJ failed to include all plaintiff's supported functional limitations based on her discredited symptom testimony.  Specifically, plaintiff argues that the RFC is inaccurate because it fails to include plaintiff's testimony concerning her need to elevate her left leg.  Plaintiff further acknowledges in her reply, however, that if the court finds that the ALJ did not err in weighing plaintiff's symptom testimony, then the RFC finding must stand.

As discussed above, the ALJ did not err in discrediting plaintiff's symptom testimony. Plaintiff cannot establish that an RFC finding is incorrect merely by restating the argument that the ALJ improperly discounted other evidence.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).  Given the ALJ did not err in weighing all the evidence, the ALJ did not err in computing plaintiff's RFC.

## III.    Step Two Mental Impairments Findings

Plaintiff also argues that the ALJ failed to reasonably identify her severe impairments. At step two, the ALJ determines whether the claimant has an impairment that is both medically

PAGE 9 – OPINION AND ORDER

determinable and severe. 20 C.F.R. § 404.1520(c). An impairment is medically determinable if it is diagnosed by an acceptable medical source and based upon acceptable medical evidence. SSR 96-4p, *available at* 1996 WL 374187; 20 C.F.R. § 404.1513(a). The step two threshold is low; the Ninth Circuit describes it as a "de minimis screening device to dispose of groundless claims." *Smolen*, 80 F.3d at 1290. Omissions at step two are harmless if the ALJ's subsequent evaluation considered the effect of the impairment omitted at step two. *Lewis*, 498 F.3d at 911. Further, "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

Following the ALJ's 2020 decision, plaintiff submitted evidence to the Appeals Council concerning her depression. Tr. 43, 58. The evidence demonstrated that plaintiff was diagnosed with depression and was prescribed medications, including Wellbutrin and Prozac, for her depression. Tr. 43, 49, 58. Plaintiff now contends that this case should be remanded to assess the functional effects of her depression. Specifically, plaintiff asserts the evidence that was submitted to the Appeals Council demonstrates her depression was a severe medically determinable impairment.

Although plaintiff points to evidence of her depression diagnosis, "[t]he mere diagnosis of an impairment . . . is not sufficient to sustain a finding of disability." *Young v. Sullivan*, 911 F.2d 180, 183-84 (9th Cir. 1990); *Febach v. Colvin*, 580 F. App'x 530, 531 (9th Cir. 2014) (finding diagnosis of depression "alone [was] insufficient for finding a 'severe' impairment" when other evidence in record suggested that impairment was not severe). Moreover, plaintiff fails to identify any authority for the contention that evidence of her medication use demonstrates

the Commissioner erred in failing to find that her depression is a medically determinable impairment. As such, plaintiff has failed to demonstrate that the ALJ erred at step two in determining plaintiff's severe mental impairments.

### IV.    Step Five Findings

At step five, "the Commissioner must establish that there are a significant number of jobs in the national economy that [the] claimant can do." *Tackett*, 180 F.3d at 1099. The Commissioner may meet the burden of showing there is work in "significant numbers" in the national economy that the claimant can do in two ways: "(1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." *Id*.

At step five, the ALJ found that plaintiff could perform work as a document preparer, election clerk, and call-out operator. Tr. 25. The ALJ relied on vocational expert testimony that those jobs collectively totaled 28,781 jobs in the national economy. *Id.*; *see* Tr. 105.

Plaintiff makes two arguments concerning the ALJ's alleged errors at step five. First, plaintiff argues that, because 28,791 is a number close to 25,000, the ALJ failed to make a finding as to how 28,791 jobs is considered a significant number of jobs. Second, plaintiff argues that the ALJ failed to make a finding as to whether there were a significant number of jobs regionally, because the vocational expert identified only 334 jobs regionally.

Both of these arguments are unpersuasive. First, the Ninth Circuit has determined that 25,000 jobs or more is a "significant number" of jobs in the national economy. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2014). As such, the ALJ correctly determined that plaintiff could perform a significant number of jobs in the national economy when the ALJ found that plaintiff could perform occupations with more than 25,000 jobs in the national economy.

PAGE 11 – OPINION AND ORDER

Second, the ALJ did not fail to find enough jobs that plaintiff could perform regionally. The Ninth Circuit has explained that a "significant number" of jobs refers to "either regional jobs (the region where a claimant resides) or in several regions of the country (national jobs)," and that if a court "find[s] *either* of the two numbers 'significant,' then [the court] must uphold the ALJ's decision." *Beltran v. Astrue*, 700 F.3d 386, 389-90 (9th Cir. 2012) (citing 42 U.S.C. § 423(d)(2)(A)) (emphasis added). Thus, because 28,791 jobs are a significant number of jobs in the national economy, the ALJ appropriately found that plaintiff could perform a significant number of jobs at step five.

## ORDER

The Commissioner's decision is AFFIRMED, and this matter is DISMISSED.

DATED August 29, 2022.

                                                      /s/ Youlee Yim You
                                                     Youlee Yim You
                                                     United States Magistrate Judge